[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 20, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15562
Non-Argument Calendar

_____

D. C. Docket No. 04-80058-CR-JCP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUCIO CUEVAS NAVA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 20, 2005)

Before DUBINA, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Lucio Cuevas Nava appeals his 18-month sentence for possession

with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1)(C). On appeal, Nava argues that his sentence, which was based upon a

finding of a drug quantity not charged in the indictment but which was admitted to by Nava, is unconstitutional in light of *Blakely v. Washington*, 542 U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738, 749, 160 L.Ed.2d 621 (2005), and that we should remand to allow the district court to sentence him using the Federal Sentencing Guidelines in an advisory, rather than mandatory, manner.

Because Nava raised a constitutional objection to his sentence based on *Blakely* before the district court, we review this constitutional issue *de novo*, but will reverse only for a harmful error. *See United States v. Paz*, ___ F.3d ___, No. 04-14829, (11th Cir. Apr. 5, 2005). A constitutional error is harmless if "it is clear beyond a reasonable doubt that the error complained of did not contribute to the sentence obtained." *Id.* at ___ (quotation and alteration omitted). The government bears the burden to show that any error was harmless. *Id.*

In *Apprendi v. New Jersey*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000). In *Blakely*, the Court held that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the*

2

*facts reflected in the jury verdict or admitted by the defendant. . . .* In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." 542 U.S. at ___, 124 S.Ct. at 2537. Applying these principles, the Court concluded that Blakely's sentence—enhanced under the Washington state guidelines based on the sentencing court's additional finding by a preponderance of the evidence that Blakely committed his kidnapping offense with deliberate cruelty—violated the Sixth Amendment. *Id.* at ___, 124 S.Ct. at 2534-38. In a footnote, however, the Court noted that "[t]he Federal Guidelines are not before us, and we express no opinion on them." *Id.* at ___ n.9, 124 S.Ct. at 2538 n.9.

While the instant case was pending on appeal, the Supreme Court issued its decision in *Booker*, finding "no distinction of constitutional significance between the Federal Sentencing Guidelines and the Washington procedures at issue" in *Blakely*. *Booker*, 543 U.S. at ___, 125 S.Ct. at 749. Resolving the constitutional question left open in *Blakely*, the Court held that the mandatory nature of the Federal Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. *Id.* at ___,125 S.Ct. at 749-51. In extending its holding in *Blakely* to the Guidelines, the Court explicitly reaffirmed its rationale in *Apprendi* that "[a]ny fact (other than a prior conviction) which is necessary to

3

support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at ___, 125 S.Ct. at 756.

In a second and separate majority opinion, the Court in *Booker* concluded that, to best preserve Congress's intent in enacting the Sentencing Reform Act of 1984, the appropriate remedy was to "excise" two specific sections—18 U.S.C. § 3553(b)(1) (requiring a sentence within the guideline range, absent a departure) and 18 U.S.C. § 3742(e) (establishing standards of review on appeal, including *de novo* review of departures from the applicable guideline range)—thereby effectively rendering the Sentencing Guidelines advisory only. *Id.* at ___, 125 S.Ct. at 764. The Court indicated that both its "Sixth Amendment holding and . . . remedial interpretation of the Sentencing Act" must be applied to "all cases on direct review." *Id.* at ___, 125 S.Ct. at 769.

In *United States v. Rodriguez*, applying a plain-error analysis, we explained that the error in *Booker* was "not that there were extra-verdict enhancements – enhancements based on facts found by the judge that were not admitted by the defendant or established by the jury verdict – that led to an increase in the defendant's sentence." 398 F.3d 1291, 1300 (11th Cir.), *petition for cert. filed*, (U.S. Feb. 23, 2005) (No. 04-1148). Rather, we explained that "[t]he error is that

4

there were extra-verdict enhancements used in a mandatory guidelines system." *Id.*

In *United States v. Shelton*, applying a plain-error analysis, we held that there was no Sixth Amendment violation under *Booker* because the defendant's sentencing enhancements were based on either prior convictions or facts that were admitted by the defendant. 400 F.3d 1325, 1329-30 (11th Cir. 2005). Nevertheless, we held that even when there is no "Sixth Amendment enhancement violation," there is still a "*Booker* error . . . when the district court misapplies the Guidelines by considering them as binding as opposed to advisory." *Id.* at 1330-31.

In the present case, we conclude, after reviewing the record, that there was no Sixth Amendment violation when the district court sentenced Nava based on a finding that he possessed more than 200 but less than 300 grams of cocaine, because Nava admitted to possessing approximately 250 grams of cocaine. *See Booker*, 543 U.S. at __, 125 S.Ct. at 756; *see also Shelton*, 400 F.3d at 1300. Nevertheless, we hold that there was statutory error in light of *Booker* because the district court misapplied the Guidelines by considering them as mandatory, as opposed to advisory. *See Shelton*, 400 F.3d at 1331. Moreover, because the government has not met its burden of showing that this error was harmless, we vacate Nava's sentence and remand this case to the district court for resentencing consistent with *Booker*.

5

**VACATED AND REMANDED**.